1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8

9  Alvin J. Robinson,

No. CV-14-02152-PHX-SRB (BSB)

10                          Petitioner,

**REPORT AND
RECOMMENDATION**

11  v.

12  Arizona, State of, et al.,

13                          Respondents.

14

15        On September 29, 2014, Petitioner Alvin J. Robinson filed a pro se "Appeal to the

16  Denial of the Requ[e]st for Credit of Time Served and the Dismissal of Appeal," seeking

17  "credit for time served, earned and deserved while on supervised probation."  (Doc. 1.)

18  On November 6, 2014, the Court construed the filing as a Petition for Writ of Habeas

19  Corpus pursuant to 28 U.S.C. § 2254, and dismissed it because Petitioner did not use the

20  court-approved form.  (Doc. 4.)  The Court gave Petitioner thirty days to file an amended

21  petition on the proper form.  On November 17, 2014, Petitioner filed an Amended

22  Petition that contained two grounds for relief.  (Doc. 5.)  The Court screened the

23  Amended Petition and dismissed Ground Two for failure to allege that Petitioner was in

24  custody in violation of the Constitution or laws and treaties of the United States.  (Doc. 8

25  at 3 (citing 28 U.S.C. § 2254(a)).)  The Court directed Respondents to answer Ground

26  One of the Amended Petition.  (*Id.*)

27        On April 7, 2015, Respondents filed an answer asserting that federal habeas

28  corpus review of Ground One is procedurally barred and, alternatively, Ground One is

not cognizable on federal habeas corpus review.  (Doc. 15.)  Petitioner filed a reply arguing that he properly exhausted his state remedies on Ground One.  (Doc. 16.)  He also argues that Ground One presents a federal claim because "state law cannot conflict with federal law or the Constitution," and "therefore, state law would have to be a direct reflection of federal law."  (*Id.* at 3.)  As discussed below, the Court concludes that Ground One is not cognizable on federal habeas corpus review.  Alternatively, Ground One is procedurally barred from federal habeas corpus review.

## I.       Factual and Procedural Background

### A.       State Proceedings

On November 19, 2002, Petitioner was indicted in Maricopa County Superior Court, case number CR 2002-019557 (CR 2002), on one count of illegally conducting an enterprise, a class three felony, one count of fraudulent schemes and artifices, a class two felony, and four counts of theft, class six felonies.  (Doc. 15, Ex. A.)  On August 1, 2013, Petitioner was charged by information in Maricopa County Superior Court, case number CR 2003-018596 (CR 2003), with illegally conducting an enterprise, a class three felony, fraudulent schemes and artifices, a class two felony, and theft, a class two felony.[1] (Doc. 15, Ex. B.)

On January 30, 2014, Petitioner pleaded guilty in CR 2002 to illegally conducting an enterprise.   (Doc. 15, Ex. D.)  The court suspended the imposition of sentence and placed Petitioner on five years' probation.  (*Id.* at 1-2.)  As a condition of probation, the court required Petitioner to serve twelve months in the Maricopa County Jail.  (*Id.* at 2.)  On January 30, 2014, Petitioner also pleaded guilty in CR 2003 to fraudulent schemes and artifices.  (Doc. 15, Ex. E.)  The court suspended the imposition of sentence and placed Petitioner on seven years' probation to run concurrently with the term of probation imposed in CR 2002.  (*Id.* at 2.)  Additionally, as a condition of probation, the court required Petitioner to serve twelve months in the Maricopa County Jail.  (*Id.*)

---

[1]   The events giving rise to the charges in both cases are summarized in a probation violation report.  (Doc. 15, Ex. C.)

On June 22, 2009, the State moved to revoke Petitioner's probation in both cases. (Doc. 15, Exs. F, G.)  The State alleged that Petitioner committed several crimes while on probation, including fraudulent schemes and artifices, a telephone solicitation violation, and insurance fraud.  (*Id.*)  Additionally, Petitioner had absconded and failed to report to his probation officer for several months.  (*Id.*)  During the disposition hearing, Petitioner admitted violating probation.  (Doc. 15, Ex. H.)  The trial court reinstated probation and extended the total term of probation by three years.  (*Id.*)

On October 14, 2011, the State moved to revoke probation in both cases because Petitioner had absconded.  (Doc. 15, Exs. I, J.)  During the December 19, 2013 disposition hearing, Petitioner admitted violating probation.  (Doc. 15, Exs. K, L.)  The court revoked probation and court sentenced Petitioner to three-and-a-half-years' imprisonment (with credit for 425 days of incarceration) for his conviction in CR 2002. (Doc. 15, Ex. K.)  For his conviction in CR 2003, the court sentenced Petitioner to five years' imprisonment (with 454 days of credit) to run concurrently with his sentence in CR 2002. (Doc. 15, Ex. L.)

On February 10, 2014, Petitioner sent a letter to the trial court requesting a reduction in his sentences.  (Doc. 15, Ex. M.)  The letter did not cite any legal authority for Petitioner's request.  Petitioner contended that the time he spent in the county jail as a condition of probation, and the time he spent on supervised probation, should have been credited against his sentences of imprisonment.  (*Id.*)  On May 5, 2014, the trial court denied Petitioner's request, explaining, "[t]his factor was already taken into consideration when fashioning the appropriate sentence."  (Doc. 15, Ex. N.)

On August 18, 2014, Petitioner filed an "Appeal to the Denying of Defendant[']s Request" in the Arizona Court of Appeals.  (Doc. 15, Ex. O.)  Petitioner argued that the trial court did not explain how it considered Petitioner's jail time when sentencing him to prison.  (*Id.*)  On August 29, 2014, the court of appeals dismissed the appeal because the trial court's order denying Petitioner's request for a reduction in sentence was not an "appealable order," and Petitioner did not identify any appealable order that had been

entered within the previous twenty days.  (Doc. 15, Ex. P.)  There is no evidence in the record indicating that Petitioner sought further review in the state courts.

### B.    Amended Petition for Writ of Habeas Corpus

In Ground One, Petitioner alleges that he is "in custody in violation of the Constitution or laws or treaties of the United States" because the trial court did not give him credit for time served on supervised probation or in county jail when it sentenced him to prison.  (Doc. 5 at 6.)  As discussed below, Ground One does not sufficiently allege a federal claim and, therefore, is not cognizable on federal habeas corpus review.  Alternatively, assuming Ground One adequately alleges a violation of federal law, review of Ground One is procedurally barred because Petitioner did not present a federal claim to the Arizona Court of Appeals.

## II.    Ground One is Not Cognizable on Federal Habeas Corpus Review

Only claims that allege a violation of the United States Constitution, laws, or treaties are cognizable on federal habeas review.    28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  The petitioner must specify which Constitutional right was violated, and how it was violated; conclusory allegations of constitutional violations are insufficient. *See Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) (stating that a petitioner's conclusory suggestion that a Constitutional right has been violated falls "far short of stating a valid claim of constitutional violation.").

In Ground One, Petitioner follows the language of § 2254(a), which provides that the court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court, only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  (*See* Doc. 5 at 6 ("Am in custody in violation of the Constitution or laws or treaties of the United States").)   Ground One also states that Petitioner's custody "is illegal or excessive."  (Doc. 5 at 6.)  Ground One, however, does not allege a violation of a particular federal right.  A writ of habeas corpus is available under 28 U.S.C. § 2254(a) "only on the basis of some transgression of federal law binding on the state courts."

*Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)).

Petitioner's recitation of § 2254(a) and his general assertion that his custody is "illegal or excessive," and do not state a cognizable claim for federal habeas relief. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion")).  In his reply, Petitioner asserts that Ground One alleges a federal claim because state law is a reflection of federal law.  (Doc. 16 at 3.)  However, similarity between state and federal law does not transform a state law claim into a federal claim. *See Hiivala*, 195 F.3d at 1106.  Accordingly, Ground One should be dismissed for failure to state a cognizable claim for federal habeas relief.

**III.   Federal Review of Ground One is Procedurally Barred**

However, even assuming that Petitioner's references to the language of § 2254 and his assertion that his custody is illegal and excessive are sufficient to properly plead a federal claim, federal habeas corpus review would be procedurally barred because Petitioner did not present a federal claim to the state courts.

**A.   Exhaustion and Procedural Bar**

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner.[2]  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly

---

[2]  In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931-33 (D. Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See*

*Beard v. Kindler*, 558 U.S. 53 (2009).  "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance."  *Coleman*, 501 U.S. at 731-32.  In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."  *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim.  *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985).  A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed."  *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).  If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate.  *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989).  "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases."  *Coleman*, 501 U.S. at 732.  Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim.  *See id.* at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims.  *See Reed v. Ross*, 468 U.S. 1, 9 (1984).  Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits.  *Coleman*, 501 U.S. at 750.  Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court

to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless").

### B.    Petitioner Did Not Properly Exhaust Ground One

After his sentencing, on February 10, 2014, Petitioner sent a letter to the trial court requesting a reduction in his sentences.  (Doc. 15, Ex. M.)  Petitioner argued that the trial court should give him credit for time he spent in county jail and on supervised probation. (*Id.*)  Petitioner, however, did not cite federal law in support of his claim.  (*Id.*)  On May 5, 2014, the trial court denied Petitioner's request for a reduction in his sentence. (Doc. 15, Ex. N.)  On August 18, 2014, Petitioner sought review of the trial court's ruling in the Arizona Court of Appeals.  (Doc. 15, Ex. O.)  Petitioner did not present a federal claim to the Arizona Court of Appeals.  (*Id.*)  Rather, he generally argued that the court should have given him credit for time spent on supervised probation and in county jail. (*Id.*)  The appellate court denied review because it concluded that the trial court's May 5, 2014 ruling was not an appealable order.  (Doc. 15, Ex. P.)

Petitioner did not present a federal claim to the trial and appellate courts. Therefore, even assuming Petitioner now presents a federal claim in Ground One, Petitioner did not properly exhaust that claim.  *See Teague*, 489 U.S. at 297-99; *Coleman*, 501 U.S. at 735 n.1 (stating that "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas.").

It would be futile for Petitioner to return to the state courts to try to exhaust Ground One.  Any attempt to present that claim to court of appeals would be barred because a petition for appellate review would be untimely and successive.  *See* Ariz. R. Crim. P. 31.1, 31.3, and 32.2(a).  Petitioner is also time-barred from a filing a petition for post-conviction relief under Rule 32.  *See* Ariz. R. Crim. P. 32.4(a); *McKinney v. Ryan*, 730 F.3d 903, 913 n.6 (9th Cir. 2013) (finding claims procedurally defaulted because

petitioner was barred from exhausting his claims in the first instance by Rules 32.2(a)(3) and 32.4(a)).

Additionally, Petitioner's claim does not implicate any exceptions to the timeliness rules referred to in Rule 32.4(a) and Rule 32.2(b), including being held in custody after the imposed sentence expired, the presentation of newly discovered material facts that probably would have changed the verdict or sentence, the failure to file a timely notice of post-conviction relief or a notice of appeal that was not the defendant's fault, a change in the law, or the petitioner's actual innocence.  *See* Rule 32.1(d), (e), (f), (g) and (h).  Accordingly, federal habeas corpus review of Ground One is procedurally barred.[3]

**C.     Petitioner has not Established a Basis to Overcome the Procedural Bar**

Because Petitioner's claim asserted in Ground One is procedurally defaulted, federal habeas corpus review is unavailable unless Petitioner establishes "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the procedural bar.  *See Coleman*, 501 U.S. at 749.  For the reasons below, the Court finds that Petitioner has not established a basis to overcome the procedural bar.

**1.     Cause and Prejudice**

A federal court may review the merits of a procedurally defaulted claim if a petitioner establishes "cause" and "prejudice."  *Coleman*, 501 U.S. at 750.  To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules.  *Teague*, 489 U.S. at 298. A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

---

[3]   Respondents also argue that Ground One is procedurally barred because the appellate court denied review of Petitioner's challenge to his sentence based on state law and dismissed the appeal because Petitioner did not seek review of an appealable order. (Doc. 15 at. 8)  Because the Court concludes that federal habeas corpus review of Ground One is barred on a different basis, the Court does not address this alternative ground for finding federal review of Ground One procedurally barred.

"Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If petitioner fails to establish cause for his procedural default, then the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

Liberally construing the Amended Petition, Petitioner argues that he did not present a federal claim to the Arizona Court of Appeals because he thought it would be futile considering Arizona's statutes governing the imposition of supervised and unsupervised probation. (Doc. 5 at 5 (stating that Petitioner did not file an appeal because, "How can a state court make a stance against its own statutes[?]").) Under the futility doctrine, a petitioner is excused from exhausting state remedies when "the highest state court has recently addressed the issue raised in the petition and resolved it adversely to the petitioner" and there is no "intervening United States Supreme Court decisions on point or any other indication that the state court intends to depart from its decisions." *Sweet v. Cupp,* 640 F.2d 233, 236 (9th Cir. 1981) (adopting the futility doctrine).

Petitioner, however, does not identify any recent Arizona Supreme Court decision that resolved the issue presented in Ground One adversely to Petitioner. Thus, Petitioner has not shown that it would have been futile for him to present a federal challenge to his sentence to the state courts. Accordingly, the futility doctrine does not apply here.

To establish cause Petitioner also argues that because he presented his claims in detail to the trial and appellate courts, "being a layman, [he] believed that he had exhausted all of his state remedies . . . ." (Doc. 16 at 2-3.) Petitioner essentially argues his lack of legal knowledge as cause to excuse the procedural bar to review of his claim. Petitioner's status as an inmate, lack of legal knowledge, and limited legal resources do

not establish cause to excuse the procedural bar to review of his claims.  *See Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's reliance upon jailhouse lawyers did not constitute cause); *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ( "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").  Therefore, Petitioner has not shown cause for the procedural default of his claim and the Court does not consider whether Petitioner has shown prejudice.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

## 2.    Fundamental Miscarriage of Justice

In addition, a federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A "fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

To establish a fundamental miscarriage of justice, a petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial."  *Schlup,* 513 U.S. at 324.  The petitioner has the burden of demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 327.  Petitioner has not presented new evidence and has not shown that failure to consider his procedurally defaulted claim will result in a fundamental miscarriage of justice.  (Docs. 5, 16.)  Thus, he has not met *Schlup's* high standard and this exception does not excuse the procedural bar.

## IV.    Conclusion

As set forth above, Petitioner is not entitled to habeas corpus relief because Ground One does not present a claim that is cognizable on federal habeas corpus review.

Alternatively, federal habeas corpus review of Ground One is procedurally barred and Petitioner has not established a basis to overcome that bar.   Accordingly, the Court recommends that the Amended Petition be denied.

Accordingly,

**IT IS RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus (Doc. 5) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.   Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.   The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.   Thereafter, the parties have fourteen days within which to file a response to the objections.   Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review.   *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 8th day of June, 2015.

_____
Bridget S. Bade
United States Magistrate Judge